UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br><br>        Petitioner,<br><br>v.<br><br>CATHERINE LASHER,<br><br>        Respondent, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | [____ Civ.____ (____)(____)]<br><br>**Petition to Compel Individual Arbitration** |

**PETITION TO COMPEL INDIVIDUAL ARBITRATION
AND FOR DECLARATORY JUDGMENT**

Cellco Partnership d/b/a Verizon Wireless ("Petitioner" or "Verizon"), by and through its counsel, Hunton Andrews Kurth LLP, for its Petition to Compel Individual Arbitration against Catherine Lasher ("Respondent" or "Lasher"), alleges on knowledge as to its own action actions, and otherwise upon information and belief as follows:

**PRELIMINARY STATEMENT**

1. Petitioner seeks an order compelling Ms. Lasher to arbitrate her dispute pursuant to the Customer Agreement (the "Agreement") entered into between the Verizon and Ms. Lasher. Ex. 1 (Verizon Customer Agreement Oct. 2021); Ex. 2 (Declaration).

2. The Agreement requires disputes to be resolved "in arbitration or small claims court." Ex. 1 at CA-P.1.

3. Paragraph 3 of the Agreement prohibits "class or collective arbitrations," thereby requiring resolution of each claimant's dispute on an individual basis based on

the merits of "that party's individual claim," and not based on "class" or "representative" or other non-individual proof and theories of liability. Ex. 1 at CA-P.6. Paragraph 3 also states that "any question regarding the enforceability or interpretation of this paragraph shall be decided by a court and not the arbitrator." *Id.*

4. Respondent filed a demand to arbitrate through the American Arbitration Association ("AAA") challenging certain administrative charges associated with her Verizon wireless service.[1] Ex. 3 (Lasher Initial Petition)

5. Respondent initiated this demand to arbitrate through AAA for herself only, and in that demand expressly "opt[ed] out of any and all past, present, and future classwide arbitrations" relating to Verizon's administrative charge. Ex. 3 at 4.

6. Despite opting out of any "future classwide arbitrations," Respondent subsequently amended her demand by filing a "class action petition" on behalf of herself and "similarly situated individuals." Ex. 4 (Lasher Class Action Petition) at 1.

7. In this petition, Lasher acknowledged that the dispute is governed by the Agreement and that Paragraph 3 of that Agreement "doesn't allow class or collective arbitrations." *Id.* at 1-2.

8. However, in an attempt to circumvent the Agreement's clear and unambiguous class wavier, Lasher claimed Paragraph 3 should not apply because it "directly conflict[s]" with Paragraph 6, which requires an administrative process if 25 or more customers initiate notices of dispute raising similar claims and counsel for

---

[1] These charges, which comply with all pertinent laws and regulations, typically totaled between $1.23 and $3.30 per line during the five years preceding the Respondent's petition.

those customers is the same or coordinated. Under that administrative process, the parties select bellwether claims to proceed in individual arbitration from the large pool individual claims filed by the same or coordinated counsel.

9. Lasher also claimed that the "remedy" for this purported conflict between Paragraphs 3 and 6 of the Agreement is "to strike/sever the conflicting paragraphs." *Id.* at 3. In Lasher's unreasonable view, Paragraphs 3 and 6 were "nullified," and Lasher was free to pursue class arbitration. *Id.*

10. 1n her petition, Respondent expressly states that she "is not asserting either paragraph [3 or 6] is unenforceable or unconscionable." *Id*. at 15.

11. Verizon moved to strike Lasher's class allegations because they expressly violated the unambiguous language of the Agreement which prohibits "class or collective arbitrations," nor was there a conflict between Paragraph 3 and 6 of the Agreement. Ex. 1 at CA-P.6, *see also* Exhibit 5 (Verizon's Rule 24 Motion to Strike and Rule 33 Dispositive Motion) (the "Motion to Strike").[2]

12. In the Arbitrator's Order, dated April 26, 2023, the Arbitrator concluded that he lacked authority under the Customer Agreement to grant the Motion to Strike, stating that "[i]n order for me to grant [Verizon's] motion, I must necessarily engage in interpreting these provisions [paragraphs 3 and 6] and determining their enforceability in the face of Claimant's allegations to the contrary. And this, the

---

[2] The exhibits originally attached to Exhibit 5 have not been included in this filing because several of these exhibits are duplicative of others already attached to this petition. They will be produced upon request.

agreement says, I cannot do.  It would appear that, as there has been raised a question as to the enforceability of these two provisions, Respondents must seek relief from the court and not the arbitrator." Exhibit 6 (Arbitrator's Order, April 26, 2023).

13. As such, Verizon seeks an order from this Court under the Federal Arbitration Act (9 U.S.C. § 4) compelling Respondent to arbitrate her dispute as an individual claimant pursuant to the terms of the Agreement.

14. Respondent must be compelled to individual arbitration because (1) the unambiguous language of the Agreement prohibits "class or collective arbitrations" Ex. 1 at CA-P.6; (2) class waivers are enforceable under *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011) and its progeny; (3) there is no conflict between Paragraph 3 and 6 of the Agreement; and (4) even assuming *arguendo* there were a conflict, the appropriate relief cannot be class arbitration as the parties cannot be deemed to have consented to class arbitration absent an express agreement. *See e.g., Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681-682 (2010); *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019).

## PARTIES

15. Cellco Partnership d/b/a Verizon Wireless is a general partnership formed under the laws of the State of Delaware and has its principal place of business in New York.

16. Cellco Partnership has three partners:

i) Bell Atlantic Mobile Systems, LLC, a Delaware limited liability company with a principal place of business in New Jersey and whose sole member is MCI Communications Services LLC. MCI Communications Services LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is MCI International LLC. MCI International LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is Verizon Business Network Services LLC. Verizon Business Network Services LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is Verizon Business Global LLC. Verizon Business Global LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is Verizon Communications Inc;

ii) GTE Wireless LLC, a Delaware limited liability company with a principal place of business in New Jersey whose sole member is Verizon Communications Inc.; and

iii) Verizon Americas LLC, a Delaware limited liability company with a principal place of business in New Jersey whose sole member is Verizon Communications Inc. Verizon Communications Inc. is a publicly traded company incorporated in Delaware with a principal place of business in New York.

17. Respondent is an individual who resides in Sarasota, Florida.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to the U.S. Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because the matter in controversy of Respondent's class action allegations concerns a proposed class that consists of more than 100 members and exceeds the sum or value of $5,000,000, exclusive of interests of costs.

19. In the arbitration proceeding, the Respondent's proposed class consists of Verizon customers who reside in the state of Florida who were assessed the administrative fees challenged in Respondent's proposed class petition. To date, counsel for Respondent has identified more than 500 claimants in Florida and alleged that they each seek relief in excess of $10,000. Accordingly, the total matter in controversy exceeds the jurisdictional minimum.

20. Venue in the Middle District of Florida is proper district because, pursuant to 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the District where the parties agreed to arbitrate any disputes between them. The parties agreed to arbitrate the dispute in the county of the Respondent's billing address, which is Sarasota, Florida. Ex. 1 at CA-P.6.

## FACTS

21. Respondent, Catherine Lasher has been a Verizon Customer since at least 2011 and remains one today. *See* Ex. 2.

22. At the time Respondent became a Verizon customer and at various times during the course of her customer relationship with Verizon, Respondent signed and received receipts outlining the terms of her service and acknowledged that her signature affirmed that she "agree[d] to the VZW Customer Agreement (CA), including settlement of disputes by arbitration instead of jury trial…". *See e.g.,* Exhibit 7, SCR dated December 30, 2021.

23. The Agreement that the parties have agreed governs this dispute states:

**HOW DO I RESOLVE DISPUTES WITH VERIZON?**

**WE HOPE TO MAKE YOU A HAPPY CUSTOMER, BUT IF THERE'S AN ISSUE THAT NEEDS TO BE RESOLVED, THIS SECTION OUTLINES WHAT'S EXPECTED OF BOTH OF US. YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT, AS DISCUSSED BELOW.**

Ex. 1 at CA-P.6.

24. The Agreement also states that the "the Federal Arbitration Act applies to this Agreement," and that any disputes "will be resolved by one or more neutral arbitrators before the American Arbitration Association ("AAA") or Better Business Bureau ("BBB")." *Id.*

25. Paragraph 3 of the Agreement unambiguously states:

***THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS*** EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD. NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM.  NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYER FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT.   ANY QUESTION REGARDING THE

ENFORCEABILITY OR INTERPRETATION OF THIS PARAGRAPH SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR.

*Id.* at CA-P.6 (bold in original removed, in part).

26. The Agreement also administratively requires a bellwether process for individual arbitrations when 25 or more customers initiate notices of dispute raising similar claims and are represented by the same or coordinated counsel. Specifically, Paragraph 6 of the Agreement coordinates the filing of the notices of dispute by specifying that 10 of those customer disputes will proceed simultaneously in individual arbitrations, with each party selecting five cases to move forward as bellwether proceedings:

IF 25 OR MORE CUSTOMERS INITIATE NOTICES OF DISPUTE WITH VERIZON WIRELESS RAISING SIMILAR CLAIMS, AND COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS BRINGING THE CLAIMS ARE THE SAME OR COORDINATED FOR THESE CUSTOMERS, THE CLAIMS *SHALL PROCEED IN ARBITRATION IN A COORDINATED PROCEEDING*. COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS AND COUNSEL FOR VERIZON WIRELESS SHALL EACH SELECT FIVE CASES TO PROCEED FIRST IN ARBITRATION IN A BELLWETHER PROCEEDING. . . .

*Id.* at CA-P.6-P.7 (emphasis added).

27. While Paragraph 3 ensures that claimants only file individual claims, paragraph 6 outlines the procedure in the event 25 or more individual customers initiate notices of dispute that raise similar claims and are noticed by the same or coordinated counsel. *Id.* In that event, paragraph 6 compliments paragraph 3 by outlining the procedure by which to administer these multiple individual claims (e.g., the only types of claims allowed by paragraph 3) brought by the same or coordinated counsel. *Id.*

28. On or about May 31, 2022, Lasher sent Verizon and AAA a Petition styled as a "Demand For Arbitration and Opt-Out Notice." (the "Initial Demand") Ex. 3. The petition alleged a breach of contract related to administrative charges assessed by Verizon.[3]

29. Lasher's individual petition, consistent with the Agreement, included a section entitled "Opt-Out of Classwide Actions and Settlements" which expressly stated "Claimant opts out of any and all past, present, and future classwide arbitrations, class actions, representative actions, and all collective actions against Respondent and/or its affiliates…" Ex. 3.

30. Notwithstanding that the Agreement unambiguously prohibits class arbitrations and that Respondent expressly opted-out of class arbitrations in her original petition, she subsequently amended her claim on or about September 16, 2022, seeking to pursue a "class action petition" in arbitration. *See* Ex. 4.

31. In her petition, Lasher acknowledged that the dispute is governed by Verizon's Wireless Customer Agreement and that Paragraph 3 of that Agreement "doesn't allow class or collective arbitrations." Ex 4. at 1-2. But she claimed Paragraph 3 should not apply because (1) it "directly conflict[s]" with Paragraph 6, which requires an administrative process where the parties select bellwether claims from a large pool of simultaneously filed individual claims; and (2) the "remedy" for

---

[3] Verizon denies any wrongdoing regarding its administrative charges and is defending these claims in arbitration.

9

this purported conflict between two provisions in the parties' contract is "to strike/sever the conflicting paragraphs." *Id.* at 3.

33. Verizon answered Lasher's petition in arbitration, requesting leave to file a dispositive motion under Rule 33 and to strike Lasher's class allegations under Rule 24. In the Answer, Verizon explained that Paragraphs 3 and 6 are not ambiguous, do not conflict, and that Paragraph 3's prohibition of "class or collective" arbitrations squarely applied. As such, Verizon requested that the arbitrator simply apply the unambiguous language of the class waiver and strike the class allegations. Verizon also explained that Lasher's claims failed on the merits because Verizon accurately and expressly disclosed the administrative charges in question.

33. On April 3, 2023, Verizon filed a Rule 24 Motion to Strike and Rule 33 Dispositive Motion. Ex. 5. In the motion, Verizon asserted that pursuant to the Agreement the arbitrator's authority is limited to applying the plain and unambiguous class waiver, and that the waiver should be upheld because, contrary to Lasher's allegations, Paragraph 3 (substantive prohibition on class and collective arbitrations and the attendant use of class wide proof) and Paragraph 6 (an administrative process where bellwether claims are selected from a large pool of simultaneously filed individual claims) do not "directly conflict with one another" or otherwise make it "impossible to harmonize these provisions when read together." *Id.* at 3-9. Verizon further asserted that even if the paragraphs did conflict (which they do not) the remedy could not be to allow class arbitration because class arbitration must be expressly contemplated and agreed upon by the parties. *Id.* at 9-10.

10

34. On April 26, 2023, the arbitrator ruled that "[i]n order for me to grant [Verizon's] motion, I must necessarily engage in interpreting these provisions [paragraphs 3 and 6] and determining their enforceability in the face of Claimant's allegations to the contrary. And this, the agreement says, I cannot do. It would appear that, as there has been raised a question as to the enforceability of these two provisions, Respondents must seek relief from the court and not the arbitrator." Ex. 6.[4]

35. Consistent with the Arbitrator's Order, Verizon seeks an order from this Court under the Federal Arbitration Act (9 U.S.C. § 4) compelling Respondent to arbitrate her dispute individually pursuant to the unambiguous terms of the Agreement.

36. Respondent must be compelled to individual arbitration because (1) the unambiguous language of the Agreement prohibits "class or collective arbitrations" Ex. 1 at CA-P.6; (2) class waivers are enforceable under *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011) and its progeny; (3) there is no conflict between Paragraph 3 and 6 of the Agreement; and (4) even assuming *arguendo* there were a conflict, there cannot be class arbitration absent an express agreement. *See e.g., Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681-682 (2010); *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019).

---

[4] The deadline for Verizon to seek relief in court was extended to June 2, 2023, without objection.

## COUNT ONE
### (Compel Arbitration under the Federal Arbitration Act)

37. Petitioner repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth within.

38. Pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et seq.) ("FAA"), Petitioner seeks an order from this Court compelling Respondent to arbitrate her dispute individually pursuant to the terms of the Agreement.

39. One of the primary purposes of the FAA is to ensure the enforcement of private arbitration agreements according to their terms. *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1415-16 (2019); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l. Corp.*, 559 U.S. 662, 682 (2010)).

40. The FAA "makes arbitration agreements 'valid, irrevocable and enforceable' as written." *Concepcion*, 563 U.S. at 344 (citing FAA § 2).

41. FAA Section 4 "requires courts to compel arbitration in accordance with the terms of the agreement." *Concepcion* at 344.

42. Class waivers are enforceable under *Concepcion,* 563 U.S. 333, and its progeny.

43. A party to an arbitration agreement, such as Verizon, cannot be subjected to class arbitration absent an express agreement. *See e.g., Stolt–Nielsen, 559 U.S. 662, 681-682* (2010); *Lamps,* 139 S.Ct. 1407 (2019).

44. The Agreement between Verizon and Respondent requires disputes to be resolved individually "in arbitration or small claims court." Ex. 1 at CA-P.1.

45. The Agreement falls under Chapter 1 of the FAA. *See* 9 U.S.C. § 2.

46. The Agreement explicitly states that "the Federal Arbitration Act applies to the Agreement." Ex. 1 at CA-P.6.

47. The Agreement unequivocally states that "This Agreement Doesn't Allow Class or Collective Arbitrations." Ex. 1 at CA-P.6.

48. Despite this unambiguous provision, Respondent has filed a "class action petition" with AAA asserting claims on behalf of herself and "similarly situated individuals." Ex. 4 at 1.

49. As such, and consistent with the FAA §§ 2, 4, and controlling precedent, the Respondent must be compelled to individual arbitration pursuant to the terms of the Agreement.

**COUNT TWO**
**(Declaratory Judgment)**

50. Petitioner repeats and realleges paragraphs 1 through 49 hereof, as if fully set forth within.

51. Under the Agreement, Verizon and Respondent agree to resolve their disputes through bilateral arbitration, not through class arbitrations. Under the FAA, Verizon cannot be forced to arbitrate in a form or manner to which it has not agreed. *Stolt-Nielsen*, 559 U.S. at 684.

52. There is an actual and justiciable controversy between the parties as to the enforceability of Verizon's class arbitration waiver. Pursuant to Paragraph 3 of the Agreement "[a]ny questions regarding the enforceability or interpretation of this

paragraph shall be decided by a court and not the arbitrator." Because Respondent has baselessly claimed that paragraph 3 does not apply because it conflicts with paragraph 6, it is necessary for this Court to enforce the clear and unambiguous class waiver included in the Agreement.

53. By reason of this actual and justiciable controversy, Verizon is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, as well as any necessary injunctive relief, declaring that paragraphs 3 and 6 of the Agreement do not conflict and that Verizon shall not be subjected to class arbitration in this matter without its express consent.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated herein, Petitioner respectfully request that this Court enter an order:

1. Enforcing the parties' Agreement, including compelling Respondent to enter into individual arbitration per the express terms of the Agreement. Despite this unambiguous provision, Respondent has filed a "class action petition" with AAA asserting claims on behalf of herself and "similarly situated individuals." Ex. 4 at 1.

2. Granting declaratory judgment, as well as any necessary injunctive relief, declaring that paragraphs 3 and 6 of the Agreement do not conflict and that Verizon shall not be subjected to class arbitration because the Agreement governing this dispute contains an express waiver of class arbitration.

3. Granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated:  June 2, 2023 | **HUNTON ANDREWS KURTH LLP**<br>By:  */s/ Maria Castellanos*<br><br>**HUNTON ANDREWS KURTH LLP**<br>Samuel A. Danon (FBN 892671)<br>Maria Castellanos (FBN 116545)<br>333 S.E. 2 Avenue, Suite 2400<br>Miami, FL 33131<br>Telephone: (305) 810-2500<br>Facsimile: (305) 810-2460<br>sdanon@HuntonAK.com<br>MCastellanos@hunton.com<br><br><br>*Counsel for Respondent Cellco Partnership d/b/a Verizon Wireless* |