UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    PETITIONER<br><br>V.<br><br>CATHERINE LASHER<br><br>    RESPONDENT | CASE NO. 8:23-CV-01242-JSM-AAS |

**PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

Petitioner, Cellco Partnership d/b/a Verizon Wireless ("Verizon") submits this response in opposition to Respondent Catherine Lasher's ("Ms. Lasher") Motion to Dismiss Verizon's Petition to Compel Individual Arbitration and For Declaratory Judgment ("Petition").

**INTRODUCTION**

Verizon is before this Court for one simple reason: Ms. Lasher has failed to arbitrate bilaterally as required by the parties' Customer Agreement (the "Agreement"). As such, Section 4 of the Federal Arbitration Act ("FAA") requires this Court to compel individual arbitration. It does so by 1) allowing the Court to "look through" to the underlying dispute in order to ascertain federal subject matter jurisdiction, and 2) granting the Court the power to compel arbitration "in the manner provided for in such agreement." 9 U.S.C. § 4.

1

Ms. Lasher ignores FAA § 4—failing to even mention the "look through" analysis adopted by the United States Supreme Court to evaluate a federal court's jurisdiction in section 4 actions. *See Vaden v. Discover Bank,* 556 U.S. 49, 63 (2009). Instead, she disparages Verizon's petition as being an "interlocutory, collateral attack" on the pending arbitration. This could not be further off the mark. The Agreement between the parties prohibits class arbitrations. Petition Ex. 1 at CA-P.6.-P.7. It likewise leaves any questions of enforcement and interpretation of the class waiver to the Court. *Id.* By refusing to arbitrate individually in accordance with the express terms of the parties' Agreement and instead pursuing a putative class arbitration, Ms. Lasher has refused to arbitrate "in the manner provided for" under the Agreement, 9 U.S.C. § 4., and left Verizon with no choice but to seek Court intervention. In response to Verizon's petition, Ms. Lasher aims to dismiss the petition for lack of subject matter jurisdiction. Thus, the only question presented by Respondent's Motion to Dismiss is: does the Court have subject matter jurisdiction over Verizon's petition to compel individual arbitration?[1] That answer is unequivocally, yes.[2]

---

[1] Respondent admits as much in her Motion to Dismiss. *See* Mem. in Support of Motion to Dismiss at p. 2 ("Verizon's suit fails at the threshold because this Court lacks subject matter jurisdiction over the entire controversy.").

[2] Issues of arbitrability and unconscionability are not at issue in this matter. Ms. Lasher has readily agreed: "Claimant is not asserting that either [Paragraph 3 or 6] is unenforceable or unconscionable." Petition Ex. 4. As such, Ms. Lasher's citing of *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024 (N.D. Cal. 2022) is particularly misguided. The *MacClelland* Court was addressing the issues of arbitrability and unconscionability—issues that, per the Respondent's own words, are not germane to this case. *See* Petition Ex. 4. Moreover, and contrary to Respondent's misleading FN4, Verizon *never* argued in *MacClelland* that the class action waiver (Paragraph 3) was an issue for the arbitrator to decide. The plain language of the Agreement dictates the opposite: any questions surrounding the interpretation and

In *Vaden*, the Supreme Court affirmed that in an action to compel arbitration under the FAA "a federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy." 556 U.S. at 62. The Eleventh Circuit has expressly endorsed and applied the principles of *Vaden*. *See Community State Bank v. Strong,* 651 F.3d 1241, 1248 (11th Cir. 2011) ("looking through" FAA § 4 petition to determine that underlying claim could have arisen under Federal RICO statute, thus providing federal subject matter jurisdiction). Moreover, the Eighth Circuit expressly applied the "look through" analysis in determining the amount-in-controversy of a § 4 petition. *CMH Homes, Inc. v. Goodner,* 729 F.3d 832 (8th Cir. 2013). And in a case patently on point, the Fourth Circuit held that, looking through the allegations of a petition to compel bilateral (rather than class) arbitration, the Class Action Fairness Act, 28 U.S.C. § 1332(d), supplied the required jurisdiction. *Del Webb Communities, Inc. v. Carlson*, 817 F.3d 867 (4th Cir. 2016). Claimant's textual analysis of CAFA misses the mark. Simply put, it is not the proper analysis in the face of a FAA § 4 petition to compel. *Vaden, CMH Homes,* and *Del Webb* instruct the Court to "look through" to the underlying controversy in determining subject matter jurisdiction. Here, the underlying controversy is a putative class action with diverse parties and an amount-in-controversy surpassing the requisite jurisdictional

---

enforcement of the class waiver are for the Court. Before this Court is only the enforcement of a class arbitration waiver under the FAA—something that was not before the *MacClelland* court. Accordingly, *MacClelland* has no bearing in this matter.

3

requirements.  *See* 28 U.S.C. § 1332(d).  Accordingly, Respondent's Motion to Dismiss should be summarily denied.

## BACKGROUND

The Agreement between the parties expressly prohibits class or collective arbitrations:

> THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE **ARBITRATIONS** EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD. NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM. NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYER FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT. **ANY QUESTION REGARDING THE ENFORCEABILITY OR INTERPRETATION OF THIS PARAGRAPH SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR**.

Petition Ex. 1 at CA-P.6.-P.7 (emphasis removed, in part).

Yet, Ms. Lasher has done just that by filing a putative "Class Action Petition" with the American Arbitration Association ("AAA").  *See* Petition Ex. 4.  In her putative "Class Action Petition," Ms. Lasher states she is "bringing this action individually and on behalf of a *__Class__* of similarly situated individuals." *Id.* (emphasis added).  Ms. Lasher further alleges that "the proposed Class consists of not less [*sic*] tens of millions of individuals to whom Verizon charged 'administrative charges.'" *Id.*

4

In order to escape federal jurisdiction, Ms. Lasher attempts in her Motion to Dismiss to rebrand her "Class Action Petition" as "collective arbitration allegations," yet the underlying claim is undoubtedly a class action.

Because Ms. Lasher refuses to submit to individual arbitration in accordance with the Agreement, Verizon filed this action seeking to compel individual arbitration under the FAA (9 U.S.C. § 4).

## ARGUMENT

I.  **The FAA Mandates that the Court "Look Through" a FAA Section 4 Petition to Determine Jurisdiction.**

The principal purpose of the FAA is "to ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). Therefore, the FAA embodies "a liberal federal policy favoring arbitration agreements." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). Courts are directed to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds*, 470 U.S. at 221. When one party has failed, neglected, or refused to comply with an arbitration agreement, the FAA requires the federal district court to compel arbitration. 9 U.S.C. § 4; *see also Dean Witter*, 470 U.S. at 218 (holding the FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). To that end, section 4 of the FAA states that actions to compel arbitration may be brought before "any United States district court which, save for such agreement, would have jurisdiction under

title 28 . . . of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4.

Jurisdiction under an FAA § 4 petition to compel is determined by "looking through" the petition to the parties' underlying controversy. *Vaden*, 556 U.S. at 62-63. In *Vaden*, the Supreme Court held that "the phrase 'save for [the arbitration] agreement' indicates that the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." *Id*. (internal citations omitted). Likewise, the phrase "the controversy between the parties" is interpreted to mean the "substantive conflict between the parties." *Id.*

*Vaden* was a federal-question case, but the same analysis applies to the amount-in-controversy requirement of diversity jurisdiction. This is exactly what the Eighth Circuit held in *CMH Homes, Inc. v. Goodner*: the same "look through" analysis determines whether the amount-in-controversy requirement of diversity jurisdiction is satisfied in a § 4 petition. *CMH Homes, Inc. v. Goodner*, 729 F.3d at 836. "[N]othing in the text of § 4 or the rationale of *Vaden* suggests that a court should look through differently to determine whether a case meets the amount threshold for federal jurisdiction under § 1332." *Id.* at 837. In a diversity case, the court must "look through" to the "full bodied controversy," not simply the parties' individual claims in arbitration in determining proper jurisdiction. *Id.* Applying these principles there, the Court found that the entire actual controversy between the parties was a putative class action. *Id.* As such, the Court ruled that the amount-in-controversy of the § 4 petition

6

must be measured by the amount of damages in the underlying putative class action. *Id.*

## II. Looking Through Verizon's Petition Demonstrates Federal Jurisdiction is Proper.

Jurisdiction is proper here under the "look-through" analysis of *Vaden* and *CMH Homes*. "Looking through" to the "full bodied controversy" unequivocally demonstrates that the underlying substantive dispute between the parties is a putative class action. *See CMH Homes*, 729 F.3d at 837. Because the amount-in-controversy of this putative class action is over $5,000,000, federal jurisdiction of this matter is proper. *See* 28 U.S.C. § 1332(d).

### A. CAFA supplies jurisdiction.

The substantive conflict between the parties is a putative class action within the meaning of CAFA, just as Ms. Lasher herself styled it in her complaint filed with AAA: a "Class Action" and "Class Action Petition." *See* Petition Ex. 4. Ms. Lasher states she is "bringing this action individually and on behalf of a **_Class_** of similarly situated individuals." *Id.* (emphasis added). Ms. Lasher further alleges that "the proposed Class consists of not less [*sic*] tens of millions of individuals to whom Verizon charged 'administrative charges.'" *Id.* Ms. Lasher alleges that each claimant seeks relief of up to $10,000. *See, e.g.*, Petition Ex. 3. Based on Ms. Lasher's allegations— i.e., a class of tens of millions of individuals seeking $10,000 each—the amount-in-controversy far exceeds the statute's jurisdictional requirements. *See* 28 U.S.C.

7

§ 1332(d)(2).³ Indeed, even if each member of Lasher's alleged class was charged just one $3.30 Administrative Fee, the amount-in-controversy would be satisfied.

The Fourth Circuit's decision in *Del Webb Communities Inc. v. Carlson*, 817 F.3d 867 (4th Cir. 2016), is particularly instructive and on point, with a nearly identical fact pattern to this case. *Id*. at 871. There, petitioner filed a § 4 petition to compel bilateral arbitration in response to respondent's filing of a class arbitration with AAA. *Id.* at 869-70. To assess subject matter jurisdiction, the court looked through the § 4 petition to the underlying substantive controversy. *Id.* at 871. Following the Supreme Court's holding in *Vaden*, the court found that the class arbitration rested on class claims that exceeded $5,000,000 and that, therefore, there was jurisdiction under 28 U.S.C. § 1332(d)(2) to compel bilateral arbitration. *Id.* ("jurisdiction under CAFA, then depends on the underlying substantive controversy—here, the putative class action. And in 'looking through' [Petitioner's] FAA petition, we find federal jurisdiction would be proper"). The same analysis must be applied here.

While not explicitly citing *Vaden*, the Eleventh Circuit in *JPay, Inc. v. Kobel*, 904 F.3d 923 (11th Cir. 2018), implicitly endorsed the "look-through" analysis in a case factually similar to this matter. In *Jpay*, the petitioner sought to compel bilateral arbitration against a respondent who filed class arbitration in AAA. *JPay,* 904 F.3d at 927-928. The Court noted that the case had been removed to federal court pursuant

---

³ In Florida, Verizon has more than 500 customers who were assessed the administrative fees at issue. Accordingly, the total amount-in-controversy for a Florida-only class also exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1332(d).

8

to CAFA stating that "[CAFA] gives federal jurisdiction over class actions in which the amount in controversy (aggregating the class members' claims) exceeds $5 million, the class includes 100 or more individuals, and at least one member of the class is diverse from any defendant." *Id.* at n. 1. The Court made **no** indication that jurisdiction was improper under CAFA. The reason for this is self-evident: "looking through" the petition it was clear the underlying controversy was a class action subject to CAFA. *See id. at* 927-28.

Ms. Lasher baselessly asserts that *Jpay* should be ignored because the "issue [of subject matter jurisdiction] went entirely unlitigated." Doc. 026 at 19. This argument must be rejected. Federal courts have an affirmative obligation to examine, *sua sponte*, their own jurisdiction over a case, notwithstanding the contentions of the parties. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Moreover, "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Ms. Lasher's argument amounts to unsubstantiated accusation that the Eleventh Circuit (and the underlying district court) failed to do their job—i.e., ensure jurisdiction was proper. Not only is the record devoid of any evidence to support this assertion, it likewise defies reason. As noted, it is blackletter law that a Federal Court must ensure proper jurisdiction regardless of whether or not it is raised by the parties. *Philbrook v. Glodgett*, 421 U.S. 707 (1975); *City of Kenosha, Wis. v. Bruno*, 412 U.S. 507, 511 (1973);

9

*see also* Fed.R.Civ.P. 12(h)(3). In *Jpay,* the Eleventh Circuit explicitly noted that the district court had taken jurisdiction of the case under CAFA. *JPay,* 904 F.3d at n. 1. Ms. Lasher asks this court to assume that although the Eleventh Circuit explicitly stated jurisdiction was granted under CAFA, it somehow ignored whether that grant of jurisdiction was proper. This reasoning falls short. If either the district court or the Eleventh Circuit felt CAFA did not provide jurisdiction, it would have remanded the case as it is obligated to do. Yet, it did not. Instead the Eleventh Circuit expressly noted why the district court had subject matter jurisdiction over the § 4 petition to compel individual arbitration. As such, *Jpay*, like *Vaden, Del Webb,* and *CHM Homes* demonstrate that CAFA supplies jurisdiction in this matter.

   **B.** **Ms. Lasher's "textual" analysis is incomplete and misleading.**

  Ms. Lasher offers a "textual" analysis to argue that she has not brought a putative class action. Of course, one making a textual argument must account for all the words in the text and not cherry pick. But cherry pick is all Ms. Lasher has done. The Fourth Circuit in *Del Webb* easily saw through such a ruse, and this Court should as well.

  Ms. Lasher's analysis ignores the text of FAA § 4. Section 4 states that, when a party is aggrieved by the alleged "refusal of another to arbitration under a written agreement," that party may petition any United States district court which, "save for such agreement, would have jurisdiction" of "the subject matter of a suit arising out of the controversy between the parties." Consistent with § 4's text, the Supreme Court

10

has explained that Congress directed federal courts to "look through" a § 4 petition to the substance of the underlying controversy, as if the arbitration agreement did not exist, to "determine whether it is predicated on an action" that gives rise to federal court jurisdiction. *Vaden*, 556 U.S. at 62-63; *see also CMH Homes*, 729 F.3d at 836 ("Section 4 directs a district Court to assess whether, absent an arbitration agreement, it would have jurisdiction under Title 28 over 'the controversy' presented in 'a civil action.'"). That is exactly the case here; the "parties' underlying substantive controversy" is a putative class action for which there would be jurisdiction under CAFA. *Vaden*, 556 U.S. at 62.

Ms. Lasher's reliance (Br. at 9-10) on Black's Law Dictionary to parse distinctions between "judicial proceedings," "arbitrations," complaints filed "*with the court*," actions taking place "*outside* the court" and various other formulaic distinctions is the antithesis of the Supreme Court's "look through" approach that directs courts to focus on the "substan[ce]" of the "conflict between the parties." *Vaden*, 556 U.S. at 62-23. The Court should reject this hyper-technical approach.

Similarly, Ms. Lasher's attempt to rebrand the underlying conflict between the parties as a "collective arbitration" that somehow escapes federal jurisdiction defies both case law and logic.

First, Respondent's underlying dispute is unequivocally a class action. The operative petition is styled as a "Class Action Petition." *See* Petition Ex. 4. The first sentence of the "Class Action Petition" states "Catherine Lasher brings this action individually and on behalf of a **Class** of similarly situated individuals…" *Id.* at 1

11

(emphasis added). The petition likewise argues why the class "satisfies the requirements for class certification" including outlining arguments for "numerosity," "commonality and predominance," "typicality," "adequacy," and "superiority." *Id.* at 8-9. Not only is the underlying dispute a class action, but Respondent ***explicitly*** frames it as such. The retroactive rebrand of Respondent's claim as a "collective arbitration" contradicts both the spirt and plain language of the operative petition and must be rejected.

Second, Respondent's argument contravenes the "look through" approach because it ignores the substance of a plaintiff's filing and instead focuses on a plaintiff's procedural steps, i.e., where a plaintiff decides to file their action or how they strategically choose to style it. Indeed, the Court in *Vaden* specifically rejected arguments seeking to constrain a federal court's jurisdiction under § 4 based on where a party initially decided to file their petition because of the "curious practical consequences" that would result. *Vaden*, 556 U.S. at 65 (holding that the "'look through' approach permits a § 4 petitioner to ask a federal court to compel arbitration without first taking the formal step of initiating or removing a federal question suit— that is, without seeking federal adjudication of the very questions it wants to arbitrate rather litigate" and rejecting plaintiff's approach that "would not accommodate a § 4 petitioner who *could* file a federal-question suit in, or remove such a suit to, federal court, but has not done so") (emphasis in original).

Third, Respondent's argument that only class actions initially filed in "court"— but not in "arbitration"—may give rise to federal court jurisdiction would create a

12

perverse incentive for claimants to forum shop for arbitral forums to file a class action prohibited under their agreement. By initially filing their prohibited class action in arbitration, the claimant would, under Ms. Lasher's approach, shield their action from federal court oversight, thereby undermining the purpose of FAA § 4: "[F]or United States district court[s to] enforce[]" arbitration agreements, *Vaden*, 556 U.S. at 49, when a party has refused to arbitrate in the manner provided for under the parties' agreement. It likewise creates an incentive for Plaintiffs to style their filings in ways that do not accurately reflect the underlying dispute in the hope of escaping FAA § 4 (e.g., calling a class action a "collective arbitration"). For each of these reasons, the Court should reject Respondent's argument.

Ms. Lasher also relies on an inapposite case, *Williams v. Homeland Insurance Co. of New York*, 657 F.3d 287, 292-93 (5th Cir. 2011). *Williams* did not apply FAA § 4. It was not a case seeking to compel individual arbitration. Rather, the court there grappled with the "local controversy" exception to CAFA, which denies jurisdiction to certain local class actions if no similar class action was filed in the preceding three years. 28 U.S.C. § 1332(d)(4)(A)(ii). The court simply held that a prior class arbitration did not qualify as a prior class action in that context. The look-through requirements of FAA § 4 were not in issue. As *Vaden, CMH Homes,* and *Del Webb* demonstrate, consistent with the plain text of the FAA, the "look through" analysis assumes the arbitration agreement does not exist and focuses instead on the underlying substantive dispute. Here, it is undisputed that Ms. Lasher's underlying claims are class claims that total over $5,000,000. If this was a civil action—which the "look through" analysis

13

requires be assumed—jurisdiction before this Court would be proper under CAFA. No more is required to obtain jurisdiction.

### C. Verizon is properly seeking to compel arbitration under § 4 of the FAA.

Verizon has properly invoked § 4 of the FAA to compel Ms. Lasher to bilateral arbitration. The Fourth Circuit addressed just this issue and held that a party seeking to compel bilateral arbitration in response to the filing of class arbitration in AAA *is* an aggrieved party under § 4 of the FAA. *Del Webb*, 817 F.3d at 872-873. The court noted that the "central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms,' and a party may not be forced to submit to class arbitration absent express agreement." *Id.* (citing *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 682, 684 (2010) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989)). The Court then reasoned that the Petitioner was "sufficiently aggrieved under § 4 by the alleged refusal of the [Respondents] to arbitrate bilaterally, as required under the written agreement." *Id.* at 873. This is consistent with the express language of Section 4, which permits an aggrieved party to petition the court "for an order directing that such arbitration proceed ***in the manner provided for in such agreement***." 9 U.S.C. § 4 (emphasis added). Verizon, like Petitioner in *Del Webb*, is an aggrieved party under § 4 because Ms. Lasher refuses to arbitrate bilaterally in accordance with the plain terms of the parties' arbitration agreement. *See id.*; *see also* Petition Ex. 1 at CA-P.1.

14

## CONCLUSION

As in *Del Webb* and *Jpay,* Verizon seeks to compel bilateral arbitration in response to Ms. Lasher's class arbitration petition filed in AAA. Determining jurisdiction must be done by "looking through" Verizon's § 4 petition to the underlying substantive controversy between the parties. Similar to *Del Webb* and *Jpay*, Ms. Lasher has initiated a putative class action petition with an amount-in-controversy over $5,000,000. That petition is in direct conflict with the express terms of the parties' agreement. Accordingly, federal jurisdiction of this matter is proper under 28 U.S.C. § 1332(d). *See Del Webb*, 817 F. 3d at 871; *Jpay,* 904 F.3d at 923.

The Motion to Dismiss should be denied.

Dated:  September 29, 2023                     Respectfully submitted,

By: */s/ Samuel A. Danon*
**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
SDanon@HuntonAK.com
MCastellanos@HuntonAK.com

*Counsel for Plaintiff Cellco Partnership d/b/a Verizon Wireless*