UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CELLCO PARTNERSHIP,

    Plaintiff,

v.                             Case No. 8:23-cv-1242-VMC-AAS

CATHERINE LASHER,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Catherine Lasher's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (Doc. # 26), filed on July 28, 2023. Plaintiff Cellco Partnership responded on September 29, 2023. (Doc. # 30). Ms. Lasher replied on October 19, 2023. (Doc. # 35). For the reasons that follow, the Motion is denied.

**I.**   **Background**

Cellco, which does business as Verizon Wireless, initiated this action on June 4, 2023, by filing its Petition to Compel Individual Arbitration and for Declaratory Judgment. (Doc. # 1). In the Petition, Cellco alleges that Ms. Lasher was a customer of Cellco and has signed a Customer Agreement. (Id. at 6; Doc. # 1-2). The Customer Agreement

1

between the parties expressly prohibits class or collective arbitrations in "Paragraph 3":

> **THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD.** NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM. NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYER FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT. **ANY QUESTION REGARDING THE ENFORCEABILITY OR INTERPRETATION OF THIS PARAGRAPH SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR.**

(Doc. # 1-2 at 7) (emphasis removed in part).

This case relates to an arbitration proceeding against Cellco that Ms. Lasher initiated in May 2022 before the American Arbitration Association, alleging that Cellco unlawfully charges hidden fees to its customers. (Doc. # 1-4). She subsequently filed in the arbitration an amended "Class Action Petition," asserting class allegations on behalf of herself and "a Class of similarly situated customers" and bringing state-law claims for breach of contract, breach of the covenant of good faith and fair dealing, and for violating state unfair and deceptive trade practices laws or substantially similar applicable state laws. (Doc. # 1-5 at 5-14).

Cellco moved to strike the class allegations in the arbitration based on the class waiver contained in the Customer Agreement. (Doc. # 1-6). The arbitrator stayed the arbitration to give Cellco an opportunity "to file the necessary pleadings with the appropriate court in order to determine the enforceability of paragraphs 3 and 6 of the agreement, and any other related questions concerning the interpretation of the agreement." (Doc. # 1-7 at 3).

This case followed, with Cellco's Petition basing this Court's jurisdiction on the Class Action Fairness Act of 2005 (CAFA). See (Doc. # 1 at 6) ("This Court has subject matter jurisdiction over this action pursuant to the U.S. Class Action Fairness Act of 2005 ('CAFA'), 28 U.S.C. § 1332(d) because the matter in controversy of Respondent's class action allegations concerns a proposed class that consists of more than 100 members and exceeds the sum or value of $5,000,000, exclusive of interests of [sic] costs."). Now, Ms. Lasher moves to dismiss the Petition for lack of subject matter jurisdiction. (Doc. # 26). Cellco has responded (Doc. # 30), and Ms. Lasher has replied. (Doc. # 35). The Motion is ripe for review.

## II. <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [ensure] that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990). However, when the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. <u>Eaton v. Dorchester Dev., Inc.</u>, 692 F. 2d 727, 732 (11th Cir. 1982).

Here, it appears that Ms. Lasher raises a facial attack on this Court's jurisdiction. Thus, the Court will focus its analysis on the Petition and its exhibits, which are primarily filings from the underlying arbitration proceeding.

### III. Analysis

Ms. Lasher argues that no independent basis for subject matter jurisdiction exists in this case. (Doc. # 26). As for diversity jurisdiction, she argues that such jurisdiction does not exist "because the amount in controversy between Verizon and Ms. Lasher is less than $75,000." (Id. at 3). She also argues that federal jurisdiction under CAFA does not exist for multiple reasons. First, she insists that Cellco's "lawsuit" — that is, this federal case — "is not a class action." (Id.). Second, according to Ms. Lasher, "even if [Cellco] could establish jurisdiction based on the features of arbitration about which it seeks a declaration, Ms. Lasher's putative collective arbitration is not a 'civil action' or a 'class action' as those terms are defined and used in the [CAFA] statute." (Id.).

The Court disagrees. Applying the "look through" analysis dictated by the Supreme Court, the Court determines that it has subject matter jurisdiction over this action under CAFA.

5

True, neither the FAA nor the Declaratory Judgment Act creates federal jurisdiction. See PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) ("The Federal Arbitration Act (FAA) . . . is something of an anomaly in the field of federal-court jurisdiction because while it creates a body of federal substantive law . . . it does not create any independent federal-question jurisdiction. Instead, the FAA requires an independent jurisdictional foundation." (citations and internal quotation marks omitted)); Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1340 (11th Cir. 2018) ("[T]he Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." (citation omitted)).

To determine whether federal jurisdiction exists, the Court "may 'look through' a [FAA] § 4 petition to determine whether it is predicated on an action that 'arises under' federal law." Vaden v. Discover Bank, 556 U.S. 49, 62 (2009). Thus, the Court looks to "the parties' underlying substantive controversy." Id.; see also Int'l Bhd. of Elec. Workers Sys. Council U-4 v. Fla. Power & Light Co., 580 F. App'x 868, 869 (11th Cir. 2014) ("If a district court lacks jurisdiction over the substantive controversy, it lacks jurisdiction to compel arbitration.").

Here, that underlying substantive controversy involves the claims asserted in Ms. Lasher's amended "Class Action Petition" in the arbitration.[1] (Doc. # 1-5). But Ms. Lasher also contends that her "putative collective arbitration" does not meet the definition of "civil action" or "class action." (Doc. # 26 at 13-19). According to her, her arbitration is not a civil action because "a civil action is a 'judicial proceeding'" whereas her claims are asserted in an arbitration proceeding outside of a court. (Id. at 13). And, because the arbitration is proceeding under the AAA's Supplementary Rules for Class Arbitrations, Ms. Lasher insists that her class allegations are not asserted under Federal Rule of Civil Procedure 23, or similar State statute, or rule of judicial procedure. (Id. at 14); see 28 U.S.C. § 1332(d)(1)(B) ("[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.").

---

[1] Because the focus is on the substance of the underlying arbitration claims, Ms. Lasher's argument that Cellco's Petition in this case is not a "class action" under CAFA (Doc. # 26 at 10-12) misses the mark.

Ms. Lasher's argument is unpersuasive. The "look through" analysis does not require that Ms. Lasher's pending arbitration proceeding be a "civil action" or "class action" under CAFA's definition. Rather, the focus rests on the **substance** of the controversy between the parties that is embodied in Ms. Lasher's amended "Class Action Petition" in the arbitration. See 9 U.S.C. § 4 (providing that a petition to compel arbitration is proper in federal court when the court "would have jurisdiction under title 28 . . . of a suit arising out of the controversy between the parties"); Badgerow v. Walters, 596 U.S. 1, 5-6 (2022) (explaining that the "look through" approach "allows a federal court to exercise jurisdiction over an FAA application when the parties' underlying substantive dispute would have fallen within the court's jurisdiction" — "even though that controversy is not before the court"); Del Webb Cmtys., Inc. v. Carlson, 817 F.3d 867, 871 (4th Cir. 2016) ("Jurisdiction under CAFA, then, depends on the underlying substantive controversy — here, the putative class action [pending in arbitration]."). Put differently, the question is whether, if Ms. Lasher had brought her class claims in federal court, CAFA jurisdiction would exist. See Del Webb Cmtys., Inc., 817 F.3d at 871-72 (applying the "look through" analysis and

"conclud[ing] that the district court had jurisdiction under" CAFA over petitioner's FAA § 4 petition to compel bilateral arbitration because "the underlying substantive controversy" in the class arbitration before the AAA involved class claims regarding "thousands of houses" and with damages that exceeded $5,000,000).

Cellco is correct that Ms. Lasher's "argument contravenes the 'look through' approach because it ignores the substance of a plaintiff's filing and instead focuses on a plaintiff's procedural steps, i.e., where a plaintiff decides to file their action or how they strategically choose to style it." (Doc. # 30 at 12). As Cellco emphasizes, "[i]f this was a civil action — which the 'look through' analysis requires be assumed — jurisdiction before this Court would be proper under CAFA. No more is required to obtain jurisdiction." (Id. at 13-14). Indisputably, CAFA jurisdiction would have existed had Ms. Lasher filed her claims in this Court.

Indeed, because of how Ms. Lasher framed her claims in the class arbitration, the requirements for jurisdiction under CAFA are clearly met. Minimal diversity exists here, where Cellco is a citizen of Delaware and New York and Ms. Lasher is a citizen of Florida. (Doc. # 1 at 5-6); see 28

U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."). According to the Petition, "counsel for Respondent has identified more than 500 claimants in Florida and alleged that they each seek relief in excess of $10,000." (Doc. # 1 at 6). Thus, the proposed class consists of over 100 members and the amount in controversy exceeds $5,000,000. (Id.); see Cavalieri v. Avior Airlines C.A., 25 F.4th 843, 850 (11th Cir. 2022) (describing "the other requisites under CAFA" as "that the amount in controversy exceeds $5,000,000 and consists of at least 100 members").

In short, because CAFA jurisdiction would exist if Ms. Lasher had brought her class claims in this Court, this Court has subject matter jurisdiction over this FAA Petition.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Catherine Lasher's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) (Doc. # 26) is **DENIED.**

(2) Defendant must file her response to the Petition (Doc. # 1), raising any arguments she has concerning the class waiver in the Customer Agreement, within 14 days of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of October, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE